### CHEEVER v. BROWN et al.

*(Supreme Court, Special Term, New York County.　June 13, 1889.)*

1. APPEAL—RESETTLEMENT OF CASE—TRIAL BEFORE REFEREE.
   Where a case on appeal has been settled by the referee before whom the trial was had, the court cannot resettle the case, but may send it back to the referee for that purpose, with proper instructions.
2. SAME—PROVINCE OF GENERAL TERM.
   The referee being, for the purpose of the action, a special term judge, the motion to resettle should properly be made before the general term.
3. SAME—REPORT OF REFEREE.
   It being denied by affidavit that concessions in regard to certain claims were made as stated in that part of a proposed case which was stricken out by amendment, and it appearing by the stenographer's minutes that objections to such claims had been stated to the referee, and were to be considered by him in making up his report, such claims will not be directed to be restored to the case.

Action by John H. Cheever against Avery T. Brown, assignee, and others. The cause was tried before a referee, who settled the case on appeal. Plaintiff now moves to resettle the case.

*Clark Bell,* for plaintiff.　*Butler, Stillman & Hubbard, N. B. Sanford, A. W. Seaman, J. D. Flagler, Kopper & Jenks,* and *S. G. Williams,* for defendants.

ANDREWS, J.　The court cannot itself resettle the case, but, if satisfied that the referee has failed to insert therein matter which properly belongs there, can send it back to him for resettlement, with proper instructions.

It seems to me, however, that the amendments of the proposed case which are complained of were properly allowed. Judge PATTERSON did not confirm the report of the referee, but sent it back to him. My recollection is that the so-called "opinion" of Judge PATTERSON was a brief memorandum, in which he stated that the case was sent back to the referee to obtain further information why certain claims had been disallowed. The opinion is not among the papers before me, and I may be mistaken in my recollection of it. At all events, as the report was not confirmed by Judge PATTERSON, there is no rule of the court which requires or authorizes the printing of an opinion given under such circumstances. The amendment striking out Schedule A was therefore properly made. With regard to Schedules B and D, the affidavit of Mr. Colgate, submitted on this motion, positively denies that any such conces-

sions were made in regard to the claim of William H. Guion as were stated in that part of the proposed case which was stricken out by amendment; and also states that said Colgate at all times supposed, and as was the fact, and as appears by the stenographer's minutes, that the claim of William H. Guion was objected to, and that the objections thereto had been stated to the referee, and were to be considered by him in making up his report, (as was done,) and for that reason said Colgate made no objections to the claim of said Guion other than those previously made, and the general objection that the proof was not sufficient to establish the claim. He also states that he made no objection to the claim of said Guion on the motion before Judge PATTERSON, and took no part in the proceeding at that time other than to appear, for the reason that all the objections were raised and argued by other parties whose interest for the purposes of that motion were the same as those of William H. Webb. In view of this affidavit, I should not be justified in directing that Schedules B and D be restored to the case.

Moreover, in regard to what occurred before the referee himself, assuming that the matters stated in said Schedules B and D are material to the appellant, the referee is best able to determine what happened, and it is well settled that the court will not undertake to instruct or overrule him in such matters. With regard to Schedule C, I think it is clear that the referee was right in striking it out of the case. The appeal papers in the case of *Abbott* v. *Thomas*[1] have been submitted to me upon this motion. They contain an opinion rendered by Mr. Justice BARTLETT upon an application similar to the present one. In the course of that opinion he says: "The true remedy of a party aggrieved by the refusal of a referee to insert matters in a proposed case on appeal is to apply, not for a resettlement of the case by the court itself, but for an order directing the referee, in the settlement thereof, to insert such matters as properly belonged there; and even an application of this sort, it seems to me, should be made to the general term, instead of the special term, inasmuch as a referee for the trial of issues is practically a special term judge for the purposes of the action in which he is appointed, and it would hardly seem becoming for a judge at a special term to direct another judge of equal powers how to settle a case which had been tried before him." It would seem, therefore, that, as a matter of propriety, the present application ought to have been made to the general term, and the motion might have been denied upon that ground. I have, however, in order to save the parties the trouble of a second application, expressed my opinion as above; but if the appellant thinks that my decision is erroneous, he may renew the application to the general term. Motion denied, without costs, and without prejudice to a renewal of the application to the general term.